## Davis *v.* Scarbrough.

[66 South. 975.]

Bills and Notes. *Consideration. Peremptory instructions.*
Where, in a suit on a promissory note, the evidence of the defendant shows a failure of consideration, a peremptory instruction for plaintiff should not be given.

Appeal from the circuit court of Winston county.
Hon. G. A. McLean, Judge.

Suit by W. T. Scarbrough against G. W. Davis. From a judgment for plaintiff, defendant appeals.

This is an appeal from a judgment of the lower court directing a verdict for appellee, who was plaintiff below

The suit is based on a note, which is as follows:

"$312.

"By the first day of November, 1909, we promise to pay to Will Scarbrough the sum of three hundred and twelve dollars, with ten per cent. interest from 4th day of April, 1908. Witness our hands, this the 21st day of December, 1908.

"J. D. Frazier.
"G. W. Davis."

Frazier, the codefendant, being insolvent, did not defend; and a judgment by default was taken against him. The appellant filed a notice under the general issue that at the trial he would introduce evidence to show that the note was procured by fraud and misrepresentation, and was without any consideration whatever. Appellee filed a counter notice denying the charge of fraud and misrepresentation, and alleging that the consideration of the note was an agreement that appellee should refrain from bidding on a certain piece of land to be sold at a foreclosure sale, which appellee alleges he carried out,

and permitted appellant and Frazier to buy at the fore-
closure at a very low figure.

It seems that there were three deeds of trust upon a
certain tract of land; the first being held by the the C. C.
Kelly Banking Company, the second—amounting to three
hundred and twelve dollars—by appellee, and the third
by Davis and Frazier. Default having been made
in the payment of the first deed of trust, the property
was advertised for sale and sold. Davis and Frazier
became the purchasers. After the sale they gave their
note for three hundred and twelve dollars to Scarbrough.
The record discloses the fact that the second deed of
trust shows that it was transferred by Scarbrough to
Davis and Frazier by marginal entry on the date of the
foreclosure sale.

Appellee, plaintiff below, introduced the note and
rested. Appellant introduced evidence, as heretofore
set out, in support of his contention of failure of consid-
eration. At the close of defendant's testimony, the court
gave a peremptory instruction for the plaintiff for the
full amount of the note and interest; and the defendant
appeals.

*Flowers, Alexander & Brown* and *H. H. Rodgers,* for
appellant.

*L. M. Adams,* for appellee.

SMITH, C. J., delivered the opinion of the court.

If the evidence introduced in behalf of the defendants
in the court below is true, the note sued on is not sup-
ported by a consideration; and this is true, whether it
was obtained from them by fraud or not. The per-
emptory instruction therefore should not have been
given.

*Reversed and remanded.*